J-S24032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES A. GREEN, | : | |
| | : | |
| Appellant | : | No. 2964 EDA 2014 |

Appeal from the Judgment of Sentence entered on September 12, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, No(s): CP-15-MD-0000876-2014;
CP-15-MD-0002083-2014; CP-15-MD-0002791-2014

BEFORE:  GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 16, 2015**

James A. Green ("Green") appeals from the judgment of sentence entered following his guilty plea to indirect criminal contempt of an Order entered pursuant to the Protection from Abuse ("PFA") Act, 23 Pa.C.S.A. §§ 6101-6118.  Counsel for Green has filed a Petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to withdraw, and affirm Green's judgment of sentence.

The record reflects that A.L., the victim, obtained a PFA Order against Green, her ex-boyfriend, which was effective from February 28, 2014, through February 28, 2015.  Notwithstanding the PFA Order, on March 14, 2014, police were called to 554 Lancaster Avenue, Frazier, Pennsylvania.  At

the scene, A.L. reported that Green presented himself at that location and had threatened to kill her.

On April 1, 2014, A.L. obtained a final PFA Order, which was to be in effect from April 11, 2014, through April 11, 2016. Green was present in the courtroom at the time the PFA was granted. Notwithstanding the PFA Order, on September 1, 2014, Green again made contact with the victim, in violation of the PFA Order.[1]

On September 12, 2014, Green pled guilty to indirect criminal contempt related to the September 1, 2014 incident. Green's guilty plea constituted a violation of two probationary sentences, imposed for other PFA Order violations, docketed at CP-15-MD-876-2014 ("No. 876") and CP-15-MD-2083-2014 ("No. 2083").[2] Also on September 12, 2014, for his conviction of indirect criminal contempt, the trial court sentenced Green to a jail term of five months, one month of consecutive probation, and a $1,000 fine. For his probation violation at No. 876, the trial court revoked Green's probation, and sentenced him to a jail term of five months and nine days, to be served concurrent with his sentence for indirect criminal contempt. The trial court additionally granted Green credit for time served from September 2, 2014, to September 12, 2014. For his probation violation at No. 2083,

---

[1] The final PFA Order permitted contact related to the custody of the couple's children. However, the contact alleged did not concern the custody of the children.

[2] The trial court had sentenced Green to probation based upon his prior violations of PFA Orders.

the trial court sentenced Green to a probation term of five months and twenty days, to be served consecutive to his sentences for indirect criminal contempt and at No. 876.

Green subsequently filed a Notice of Appeal. When ordered to file a Pa.R.A.P. concise statement of matters complained of on appeal, Green's counsel filed a Concise Statement stating counsel's intention to file an **Anders** brief.

On appeal, the **Anders** brief filed by Green's counsel identifies the following two claims:

  I.   Whether the sentence imposed by the [trial c]ourt constituted an abuse of discretion?

  II.  Whether [Green] entered his guilty plea in a knowing and voluntary manner?

**Anders** Brief at 3.

This Court cannot address the merits of issues raised on appeal without first reviewing a request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Accordingly, we review counsel's Petition to withdraw at the outset.

The procedural requirements for withdrawal under **Anders** require counsel to (1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; (2) provide a copy of the **Anders** brief to the defendant; and (3) inform the defendant that he has the right to retain private counsel

or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Counsel's Petition to withdraw provides that he made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel notified Green that he was withdrawing and furnished Green with copies of both the Petition to withdraw and ***Anders*** Brief. Additionally, counsel informed Green of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, counsel has satisfied the procedural requirements of ***Anders***.

Counsel having complied with the procedural dictates of ***Anders***, we next consider whether counsel's ***Anders*** Brief meets the substantive requirements of ***Santiago***. According to ***Santiago***,

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Instantly, counsel provided the facts and procedural history of the case. Additionally, counsel refers to a challenge to the discretionary aspects of sentencing, and a claim of an involuntary and unknowing plea, as issues

- 4 -

that could arguably support an appeal, but concludes that the issues are wholly frivolous. *See Anders* Brief at 7-9. Counsel provides his reasoning for concluding that the trial court committed no abuse of discretion at sentencing, and that the Commonwealth presented (and Green did not contest) evidence establishing the elements of indirect criminal contempt. *See id.* at 7, 8-9. Thus, counsel has complied with the minimum requirements of *Santiago*.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

Green first challenges the discretionary aspects of his sentence. It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial

question that the sentence was not appropriate under the sentencing code."

***Cartrette***, 83 A.3d at 1042 (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014). Specifically, we must determine

> (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Trinidad***, 96 A.3d at 1039.

Here, Green preserved a sentencing claim in a post-sentence Motion, and timely filed a Notice of Appeal. Green's counsel also included in the ***Anders*** Brief a Statement of Reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). Accordingly, we next determine whether Green has raised a substantial question that his sentence is not appropriate under the Sentencing Code. ***See Trinidad***, 96 A.3d at 1039.

Green claims that the trial court abused its discretion by sentencing him to incarceration. ***Anders*** Brief at 7. In his Post-Sentence Motion, Green argued only that the victim sent him a text message indicating that she did not want Green incarcerated. Post-Sentence Motion at ¶¶ 5, 7.

Green offered no other supporting argument in his Post-Sentence Motion, or in the **Anders** brief. Notwithstanding Green's failure to raise a substantial question that his sentence was inappropriate under the Sentencing Code, our review discloses that the trial court's sentence was authorized by 23 Pa.C.S.A. § 6114(b), and not excessive. We discern no abuse of discretion by the trial court in sentencing Green.

Green also claims that his plea was unknowing and involuntary. **Anders** Brief at 8. "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa. 2006) (citation omitted).

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." **Id.** (citation omitted). "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the

voluntariness of the plea is established." ***Commonwealth v. McCauley***,

797 A.2d 920, 922 (Pa. Super. 2001).

> A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Pollard***, 832 A.2d at 522-23 (citations omitted).

Here, after a comprehensive plea colloquy, the trial court found that

Green knowingly and voluntarily tendered his guilty plea. N.T., 9/12/14, at

11. Our review further discloses that Green admitted to facts establishing

the crime of indirect criminal contempt.[3]  At the plea hearing, Green pled

guilty to the following facts, as stated by the prosecutor:

> [A.L.] moved for a final PFA Order, which was signed and put
> into place … on April 1, 2014.  That was to be in effect until April
> 11, 2016.  At the time that final [PFA] was entered, [Green] was
> present in the courtroom, and [the prosecutor believed,] was
> represented at that time.  However, on September 1st, 2014,
> within the parameters of the PFA, [Green] did make contact with
> [A.L.], the victim and the person to be protected within that PFA.
> That contact went outside of the guidelines of the PFA.  The PFA
> allowed for contact as long as that contact was concerning
> custody of the children.  The contact between [] Green and
> [A.L.] went outside of that [*sic*] bounds; and, therefore, was a
> violation of the PFA, wherein, [Green] acted with wrongful
> intent, and it was a volitional act….

N.T., 9/12/14, at 5-6.  Thus, the record establishes that Green knowingly

and voluntarily entered his guilty plea, and we discern no non-frivolous issue

that Green could raise on appeal.

For the above-stated reasons, we grant counsel's Petition to withdraw,

and affirm Green's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

---

[3] Four elements must be present to support a finding of criminal contempt
for failure to comply with a court order:

> (1) the order must be definite, clear, specific and leave no doubt
> or uncertainty in the mind of the person to whom it was
> addressed of the conduct prohibited; (2) the contemnor must
> have had notice of the specific order or decree[;] (3) the act
> constituting the violation must have been volitional[;] and (4)
> the contemnor must have acted with wrongful intent.

***Diamond v. Diamond***, 715 A.2d 1190, 1196 (Pa. Super. 1998).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2015